CLERK'S COPY

FILED
AT ALBUQUERQUE NM
JUN 2 4 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIAS ATENCIO,

    Plaintiff,

v.                                                     No. CIV-99-0598 JP/DJS

STATE OF NEW MEXICO,
DEPT OF PROBATION,
B.I. COMMUNITY CORRECTION,
COUNTY OF CIBOLA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed, and Plaintiff will be allowed to amend his complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir.

1992).

The complaint alleges that Plaintiff's sentence has been illegally enhanced and, as a result, he has been denied rehabilitation and unspecified medical treatment. Plaintiff also claims that, because he has not been allowed adequate access to a law library or assistance of counsel, he has been denied access to the courts. Last, he asserts a claim for false imprisonment, alleging that his incarceration is the result of trickery by unlicensed judges. The complaint seeks equitable relief.

Plaintiff's claim for denial of medical treatment is utterly unsupported by factual allegations. One of the "core" concerns of the Eighth Amendment is inmate access to necessary medical care. *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980). To articulate an Eighth Amendment cause of action premised on an allegation that Defendants were deliberately indifferent to his serious medical needs, Plaintiff must allege both that the pain or deprivation he suffered was sufficiently serious and that the Defendants acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991) (citation omitted). Plaintiff will be allowed to provide factual allegations in an amended complaint.

Plaintiff's second claim is for denial of access to the courts as a result of Defendants' failure to allow him adequate access to a law library and assistance of counsel. First, assistance of counsel is not matter of right. *Parkhurst v. Shillinger*, 128 F.3d 1366, 1371 (10th Cir. 1997). And second, the claim for inadequate access to a law library requires that Plaintiff "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Plaintiff's §

1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance,... [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Here, because Plaintiff does not allege any active interference with his preparation and filing of papers, no relief can be granted on this claim.

Plaintiff's allegation that his imprisonment is the result of trickery by unlicensed judges appears to call into question the constitutionality of the criminal conviction by which he is incarcerated. In *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994), the Supreme Court held that a person may not challenge the constitutionality of a conviction in a suit for damages under 42 U.S.C. § 1983 if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction."

> This requirement "avoids parallel litigation over the issues of probable cause and guilt ... and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."

*Id.* at 484 (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991)). The Court takes notice that Plaintiff remains incarcerated, and establishing Plaintiff's allegations would necessarily demonstrate the invalidity of his conviction.

In addition to alleging that his conviction was unlawful, Plaintiff must show "termination of the prior criminal proceeding in [his] favor." *Heck*, 512 U.S. at 484. The complaint contains no allegation that the conviction has been reversed or otherwise set aside.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

3

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted). Because the complaint does not contain the necessary allegations regarding Plaintiff's conviction, his allegations fail to state a claim under § 1983, and amendment would be futile. *Hall v. Bellmon*, 935 F.2d at 1109. This claim will be dismissed without prejudice. *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (plaintiff who overturns conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that Plaintiff's claim for denial of access to the courts is DISMISSED with prejudice; the claim for false imprisonment is DISMISSED without prejudice;

IT IS FURTHER ORDERED that, within fifteen (15) days from entry of this order, Plaintiff may file an amended complaint setting forth specific facts in support of his claim for denial of medical treatment; failure timely to submit the amended claim may result in dismissal of the complaint without further notice; and the Clerk is directed to send Plaintiff two copies of a § 1983 complaint form.

UNITED STATES DISTRICT JUDGE